UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENNIFER GRIMM CHERKAOUI,**

          **Plaintiff,**

-vs-                                          **Case No.  6:11-cv-379-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

          **Defendant.**
_____

## MEMORANDUM OF DECISION

Jennifer Grimm Cherkaoui (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant argues that the final decision of the Commissioner should be reversed and remanded for an award of benefits because the Administrative Law Judge (the "ALJ") erred by: 1) failing to state with particularity the weight given and the reasons therefor to the opinion of Claimant's treating endocrinologist, Dr. Arnold Vera; 2) overlooking the opinion of Dr. Michael Zelenka, a non-examining psychologist; 3) giving controlling weight to the opinion of a non-examining physician, Dr. Griffon; 4) failing to apply the correct legal standards to the side-effects of Claimant's medications; 5) lacking substantial evidence to find Claimant not credible; 6) failing to ask the vocational expert (the "VE") a hypothetical question which includes all of Claimant's limitations; and 7) finding Claimant does not meet Listing 1.04. Doc. No. 17 at 1-20. The Claimant also argues that the Appeals Council failed to apply the proper legal standards to the new and material evidence presented by Claimant after the ALJ's decision.

Doc. No. 17 at 20-21. In the alternative to reversing for an award of benefits, Claimant requests reversal and remand for further proceedings. Doc. No. 17 at 21-24. If the case is remanded for further proceedings, Claimant requests that the case be assigned to another ALJ due to the "ALJ's conduct at the hearing and the tone of his decision indicate strong feelings against a finding of disability." Doc. No. 17 at 23. For the reasons set forth below, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings because the ALJ erred **by failing to state with particularity the weight given, and the reasons therefor, to the opinion of Dr. Vera.**

I. BACKGROUND.

Claimant was born on March 23, 1968. R. 53. On January 12, 2007, Claimant filed an application for benefits alleging an onset of disability as of October 2, 2006, due to cervicalgia, lumbar radiculopathy, edema, fibromyalgia, lumbago, obesity, sleep apnea, myalgia, hepatic hemangioma, allergic asthma, hyperlipidemia, polycsystic ovarian diseases, incontinence, anal fissure, rectal bleeding, hirsutism, fatigue, palpitations, and headaches. R. 27, 102, 159. Claimant's application was denied initially and upon reconsideration. R. 107, 112.

The record contains treatment records from Claimant's treating endocrinologist, Dr. Arnold Vera, who treated Claimant for "serious abnormalities of the hypothalamic-pituitary-adrenal axis and hypothalamic-pituitary ovarian axis" from 2006 through August 29, 2007. R. 578-583. On August 29, 2007, Dr. Vera offered the following opinion:

> The patient has been seen in our office since 2006 with a history involving the endocrine system, metabolic status, and significant stress in her life leading to serious abnormalities of the hypothalamic-pituitary-adrenal axis and hypothalamic-pituitary-ovarian axis. These issues are from the standpoint of psychoneuroendocrine problems and metabolic status having

>significant impact on the quality of life, therefore, interfering with <u>any</u> physical activity, work activity, and/or intellectual activity, such as being a student.

R. 583 (emphasis added). Thus, Dr. Vera opines that Claimant's endocrine system impairments interfere with <u>any</u> physical, work, and/or intellectual activity. R. 583.

On August 5, 2009, a hearing was held before the ALJ. R. 41-98. At the hearing, Claimant, the VE, and a non-examining internist, Dr. Edmund Griffon, testified. R. 41-98. In his testimony before the ALJ, Dr. Griffon briefly mentions Dr. Vera's treatment of Claimant, but he does not discuss Dr. Vera's opinion. R. 47. In response to questioning from the ALJ, Claimant testified that she was being treated by Dr. Vera. R. 68.

On December 15, 2009, the ALJ issued a decision finding Claimant not disabled. R. 20-31. 17-24. The ALJ found that Claimant has the following severe impairments: cervicalgia; lumbar radiculopathy; lumbago morbid obesity; sleep apnea; myalgia; hemangioma, hepatic; allergic asthma; hyperlipidemia and polycystic ovarian disease. R. 22. The ALJ determined Claimant retains the following residual functional capacity (the "RFC"):

>To perform some kinds of light work . . . with additional limitations. She can lift 20 pounds occasionally and 10 pounds or less more frequently. She has the ability to sit for six hours in an eight hour work day and stand or walk one hour at [sic] time for a total of six hours in an eight hour day. Prior to her gastric bypass surgery and subsequent weight loss, she could occasionally bend, stoop, squat, crouch, crawl and kneel. She could occasionally climb ramps and stairs. She was unable to climb ropes, scaffolds or ladders. After her surgery, she is able to perform all postural activities of bending, stooping, squatting, crouching, crawling and kneeling on a frequent basis. She has no limitations with the use of her upper extremities. She has no limitations with her fine or gross dexterity or manipulation or for pushing or pulling within the limits indicated above. She should avoid concentrated exposure to atmospheric pollutants, extreme heat and cold. She has no mental impairment which would further reduce her limitation for light

>   work activity.

R. 23-24.  Thus, the ALJ determined that Claimant retains the RFC for a reduced range of light work.  R. 23-24.

In the decision, the ALJ gives controlling weight to the opinions of Dr. Griffon, the non-examining physician, who testified at the hearing based upon a review of the record.  R. 28.  The ALJ states:

>   The [C]laimant has many chronic medical problems. . . . However, the majority of these problems do not constitute an obstacle to her working.  She has the problems noted above and these were all reviewed by the medical expert, Dr. Griffin [sic].  Dr. Griffin [sic] noted the [c]laimant could do a reduced range of at least light work prior to her bariatric surgery in March 2008 with only occasional postural activities.  She would be capable of more frequent postural activities after the surgery. . . .

R. 27.  Thus, the ALJ adopts the RFC offered by Dr. Griffon.  R. 27.

In support of his decision to rely on the opinion of a non-examining physician regarding Claimant's RFC, the ALJ states:

>   Given the [C]laimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the [C]laimant by the treating doctor[s].  Yet a review of the record in this case reveals no restrictions recommended by the treating doctors. . . . [T]he record does not contain any opinions from a treating or examining physician indicating the [C]laimant was disabled or had limitations greater than those determined in this decision. . . .

R. 27-28.  Thus, the ALJ unequivocally states that <u>the record does not contain any opinions from any of Claimant's treating physicians opining that Claimant is disabled, has limitations greater than those determined by the ALJ or that place any restrictions on Claimant</u>.  R. 27-28.  Nowhere in the decision does the ALJ state the weight given to, or even mention, Dr. Vera's opinion.  R.

20-31.

On January 28, 2011, the Appeals Council denied Claimant's request for review. R. 1-6. On March 11, 2011, Claimant appealed the final decision of the Commissioner to the District Court. The appeal is ripe for review.

## II.   THE ISSUE.

As set forth above, Claimant raises numerous issues on appeal. *See* Doc. No. 17 at 1-23. However, the Court finds that the first issue raised by Claimant, whether the ALJ erred by failing to state with particularity the weight given to Dr. Vera's opinion and the reasons therefor, is dispositive of the case. The Commissioner acknowledges that "Plaintiff is correct that the ALJ did not appear to specifically discuss the August 2007 letter from Dr. Vera." Doc. No. 18 at 4. Nevertheless, the Commissioner maintains that the error is harmless because the ALJ implicitly accounted for Dr. Vera's opinion in his RFC, which the Commissioner argues is consistent with Dr. Vera's opinion. Doc. No. 18 at 4. Alternatively, the Commissioner contends that Dr. Vera was not a treating physician because his opinion "merely states that Plaintiff was 'seen in our office since 2006,' and the evidence of record does not show that Dr. Vera actually examined or treated Plaintiff. . . ." Doc. No. 18 at 5 (quoting R. 583). Thus, the Commissioner suggests that the ALJ did not err by failing to state with particularity the weight given to Dr. Vera's opinion because he was not a treating physician. *Id*. at 5-6. The Commissioner also posits that Dr. Vera's statements are not a medical opinion. Doc. No. 18 at 6. Accordingly, the Commissioner maintains that the final decision should be affirmed. Doc. No. 18 at 18.

## III.     LEGAL STANDARDS.

### A.     THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a).  In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B.     THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

**C. REMEDIES.**

Congress has empowered the District Court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the District Court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal

analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for District Court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may also be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The District Court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the District Court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[1]

---

[1] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric

**IV.     ANALYSIS.**

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit recently clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. Jan. 24, 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981) (emphasis added)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

---

report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the District Court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

In *Winschel*, the Commissioner argued that the ALJ did not err by failing to state the weight he gave to a treating physician's treatment notes and the reasons therefor because they did not constitute an "opinion." *Id*. at 1178-79. The Eleventh Circuit disagreed because the treatment notes contained "a description of Winschel's symptoms, a diagnosis, and a judgment about the severity of his impairments, and clearly constituted a 'statement[] from [a] physician . . . that reflect[s] judgments about the nature and severity of [Winschel's] impairment(s), including [Winschel's] symptoms, diagnosis and prognosis, what [Winschel] can still do despite impairment(s), and [Winschel's] physical or mental restrictions.'" *Id*. (quoting 20 CFR §§ 404.1527(a)(2), 416.927(a)(2)). Thus, the treating physician's treatment notes constituted an opinion. *Id*. The Eleventh Circuit noted that the ALJ only referenced the treating physician once and did not state the weight given to the treating physician's opinion. *Id*. The Eleventh Circuit reversed stating that "[i]t is possible that the ALJ considered and rejected these . . . medical opinions, but <u>without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence</u>." *Id*. (emphasis added).

In this case, it is undisputed that the ALJ did not mention Dr. Vera or his opinion. Dr. Vera's August 29, 2007 statement is clearly a medical opinion because it: 1) states the length of treatment; 2) describes the medical conditions Claimant suffers from; and 3) contains a judgment about the impact and severity of those impairments on Claimant's ability to perform "<u>any</u> physical activity, work activity, and/or intellectual activity, such as being a student." R. 583 (emphasis added). Accordingly, the Court finds that, pursuant to *Winschel*, 631 F.3d at 1178-79, Dr. Vera's August 29, 2007 statement is a medical opinion, which the ALJ was required to state

with particularity the weight he gave to it and the reasons therefor. *Id*.; *see also Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).[2] The ALJ's failure to do so constitutes reversible error. *Id*.[3]

The Court totally rejects the Commissioner's argument that the ALJ's decision somehow "accounts for Dr. Vera's concerns" for two reasons. Doc. No. 18 at 6. First, the ALJ clearly stated that "the record does not contain any opinions from a treating or examining physician indicating that the [C]laimant . . . had limitations greater than those determined in this decision." R. 27-28. This statement, as well as the total absence of any mention of Dr. Vera's opinion, makes it abundantly clear that the ALJ never considered Dr. Vera's opinion, which contains restrictions far greater than those determined by the ALJ. Therefore, the Commissioner's argument on this point is rejected as contrary to the facts plainly set forth in the ALJ's decision.

Second, the Commissioner's argument is rejected because the Commissioner is engaging in prohibited post-hoc rationalization to support the ALJ's decision. The Eleventh Circuit has recently reiterated that "a court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker v. Commissioner of Social Security*, 2010 WL 2511385 at *3 (11th Cir. June 23, 2010) (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974) (emphasis in original)). The Court must rely on the ALJ's consideration, or lack thereof, of Dr. Vera's

---

[2] The record demonstrates that Dr. Griffon, the non-examining physician whose opinion the ALJ relied upon for his decision, testified that Dr. Vera was a treating physician. R. 47. Claimant specifically testified that she had been treated by Dr. Vera. R. 68. Moreover, Dr. Vera's opinion states that Claimant had been receiving treatment in his office since 2006. R. 583. Accordingly, the Court finds that the Commissioner's argument that Dr. Vera was not a treating physician is without merit.

[3] Because this error alone requires reversal, it is unnecessary to address the other issues raised by Claimant.

opinion, and the Commissioner may not posit his own reasons for the ALJ's action, whether or not the same is supported by some evidence in the record.

The significance of the ALJ's error is compounded in this case because the ALJ relied almost exclusively on the opinion of a non-examining physician, Dr. Griffon. R. 27-28. Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

*Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005).[4] "The opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician." *Johnson,* 138 Fed.Appx. at 269. Moreover, the opinions of a non-examining physician do not constitute substantial evidence when standing alone. *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).

The Claimant requests that the Court reverse and award Claimant benefits. Doc. No. 17 at 23. However, the Court is mindful that it "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Therefore, because the ALJ ignored the opinion of a treating physician and relied almost exclusively on the opinion of a non-examining physician, it is impossible for the Court to determine whether the final decision is supported by substantial evidence or whether

---

[4] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority.

the evidence establishes beyond a doubt that Claimant is disabled.  Accordingly, the Court finds that a remand for further proceedings is appropriate.[5]

## V.     CONCLUSION.

For the reasons stated above, it is **ORDERED**:

1. The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of Section 405(g) because the ALJ failed to state with particularity the weight given to Dr. Vera's opinion and the reasons therefor; and

2. The Clerk is directed to enter judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on February 27, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson, Esq.
3200 Corrine Drive, Suite E
Orlando, FL 32803


John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida          33602

---

[5] Claimant requests that the Court direct the Commissioner to assign this case to a different ALJ due to the ALJ's conduct at the hearing and the overall tone of his decision. Doc. No. 17 at 23. Based on this record, the Court finds no evidence of a clear bias on the part of the ALJ. Nevertheless, the Commissioner is reminded that the hearings before its administrative law judges are non-adversarial.

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia        30303-8920

The Honorable John D. Thompson
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224